IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gregory L. West, | ) | |
| | ) | |
| Plaintiff | ) | No. 18 cv 7166 |
| | ) | |
| vs | ) | Judge Castillo |
| | ) | |
| Ford Motor Credit Company LLC, et al | ) | Magistrate Judge Weisman |
| | ) | |
| Defendants | ) | |

**RESPONSE TO PLAINTIFF'S MOTION
FOR ENTRY OF CONFIDENTIALITY ORDER**

Ford Motor Credit Company LLC, ("Ford Credit"), by its undersigned attorney, states its response to Plaintiff's Motion for Entry of Confidentiality Order, (the "Motion"), as follows:

Introduction

Ordinarily, the entry of a confidentiality order would not be controversial. In this case however, Plaintiff's Motion fails to explain that the only purpose of the Motion is to avoid providing an unredacted document to Ford Credit without unnecessary restrictions.

On January 14, 2019 Plaintiff made the mandatory discovery responses required by the MIDP. In his disclosures, Plaintiff stated that he would not provide any documents without the entry of a protective order. Ford Credit immediately contacted Plaintiff stating that there did not appear to be a need for a protective order and if there was one, it should be presented as soon as possible.

After two weeks of inactivity, Ford Credit again contacted Plaintiff requesting production of the documents. In response, Ford Credit received a heavily redacted

document production. On January 30, 2019 Ford Credit asked Plaintiff the nature of the redacted portions and the reasons for the redactions. Plaintiff never answered Ford Credit's questions. Instead on January 31, 2019 Plaintiff again stated that a protective order was forthcoming and that the redactions would not be removed without it.

On February 11, 2019 Ford Credit once again asked for a copy of the document without redaction. Plaintiff then sent Ford Credit an Agreed Confidentiality Order, (the "Agreed Order"). The next day Ford Credit asked Plaintiff what portion of the language in paragraph two of the Agreed Order covered the redacted material. On February 13, 2019 a follow-up request was made to Plaintiff to produce the document. Plaintiff responded to this request without answering Ford Credit's question. He merely demanded execution of the Agreed Order before the document would be provided.

Following that email exchange, Ford Credit called Plaintiff in an unsuccessful attempt to resolve the controversy. Ford Credit sent an email summarizing the conversation.

On February 14, 2019 Ford Credit again sent an email to Plaintiff stating that the redacted portion of the document production appeared to be merely a list of creditors that had already been put in the public record by the Plaintiff's Chapter 13 Petition in Bankruptcy. Not a document that fell within any of the seven categories of confidential documents set for the in the Agreed Order. Plaintiff has never denied that.

True and correct copies of the email exchanges are attached hereto as Group Exhibit A and made a part hereof.

Rather than respond to Ford Credit's numerous requests, Plaintiff instead filed the Motion and Proposed Order. The Proposed Order contains language identical to

2

that of the Agreed Order. The Motion fails to inform the Court of the controversy surrounding it.

Ford Credit objects to the entry of a protective order at this time. There is no pending nor anticipated discovery of material that would warrant such an order.

## Argument

I.  Plaintiff Seeks to Mark His Entire Document Production Confidential

As set forth above, Plaintiff refuses to remove the redaction from the document already produced without the entry of a protective order. Obviously, that means that Plaintiff will produce the unredacted copy of the document after designating it "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER". Once that designation is placed on the document the burdens and responsibilities set forth in the Proposed Order immediately apply. For example, use of the document during depositions is restricted. See para. 4 of the Proposed Order. The document itself must be protected by the lengthy provisions of para. 5 and 6. Perhaps the most objectionable provision of the Proposed Order is found in para. 7. It would require Ford Credit to comply with LR 26.2, to seek to file the material under seal. That would force Ford Credit to argue that any of the document production from Plaintiff was somehow annoying, embarrassing, unduly burdensome or expensive. F.R.Civ.P. 26(c)

II. Plaintiff has Not Shown that His Document Production is Confidential

Plaintiff is well aware of the essential elements of the controversy with Ford Credit over the redacted material. Plaintiff has failed to present this issue in his Motion. Ignoring the issue, Plaintiff merely states that discovery "likely" to be sought "may" contain highly sensitive and confidential material. See the Motion.

Plaintiff's document production is 154 pages long. It consists of his Voluntary Petition in Chapter 13 of the Bankruptcy Code, pages West 000001 through West 000059; Disclosure of Compensation of Attorneys, Dke 1-1, pages West 000050 through 000067; the Debtor's Original Chapter 13 Plan, Dke 2, West 000068 through West 000072; Debtor's Statement of Currently Monthly Income, Dke 3 West 000073 through West 000077; Chapter 13 Calculation of Disposable Income, Dke 4, West 000078 through West 000086; Notice of Chapter 13 Bankruptcy Case, Dke 12, West 000087 through West 000090; Original Chapter 13 Plan, dated July 23, 2016, Dke 13, West 000091 through West 000096; Objections to Confirmation, Dke 11, West 000097 through West 000099; Modified Chapter 13 Plan dated 10/4/16, Dke 25 West 000100 through West 000104; Modified Chapter 13 Plan dated 10/4/16, Dke 26, West 000105 through West 000111; Order Confirming Plan, Dke 27, West 000112; Trans Union credit report, West 000113 through West 124; Letter dated August 9, 2018 from Plaintiff to Trans Union, with enclosures, West 000125 through West 000143; Totally redacted page, West 000144; Envelope addressed to Trans Union, West 000145 and letter from Trans Union to Plaintiff, West 000146 through West 000154.

The majority of the document produced by Plaintiff is already a part of the public record. The bankruptcy documents purport to contain a complete list of the Plaintiff's assets, debs and sources of income. It is all part of the document he wishes to mark Confidential. The majority of the Trans Union credit report that is redacted begin with the heading "Adverse Accounts". West 000115 through West 000122.

Relevant pages of Plaintiff's document production are attached hereto as Group Exhibit B and made a part hereof.

The information contained in the "Adverse Accounts" section presumably does not contain any information contrary to or in addition to the information provided by the Plaintiff in his publically available bankruptcy filings. And, when given the opportunity to explain any difference, Plaintiff failed to do so. The only specific confidential information cited by Plaintiff is his social security number. Surely, that can easily be redacted if it does appear in the document. It does not justify entire pages being redacted.

## Conclusion

A consumer's credit report would often be legitimately subject to a protective order. In this case it is not. Or, at least the Plaintiff has made no showing that it should be. The pages titled Adverse Accounts list creditors already disclosed by the Plaintiff in his bankruptcy proceedings. That has not been denied.

Ford Credit prays for the entry of an order denying Plaintiff's request for a protective order at this time.

FORD MOTOR CREDIT COMPANY LLC

s/ Mary K. Schulz
One of its attorneys

Mary K. Schulz, 6183773
Media Litigation Firm, P.C.
1144 E. State Street, Suite A260
Geneva, IL 60134
medialitigationfirm@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2019, I provided service to all parties by the following means: CM/ECF

Signature: __s/ Mary K. Schulz                    Date: February 18, 2019

Mary K. Schulz, 6183773
Media Litigation Firm, P.C.
1144 E. State Street, Suite A260
Geneva, IL 60134